IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY, <br><br>*Plaintiffs,* <br><br>v. <br><br>APPLE INC., ET AL., <br><br>*Defendants.* | § § § § § § § § § § § § | CASE NO. 2:13-cv-00361-WCB |
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY, <br><br>*Plaintiffs,* <br><br>v. <br><br>VIZIO, INC., <br><br>*Defendant.* | § § § § § § § § § § § § | CASE NO. 2:13-cv-00370-WCB |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Vizio, Inc.'s Contested Motion for Bill of Costs Pursuant to Fed. R. Civ. P. 54(d). Case No. 2:13-cv-361 Docket No. 133. The motion is DENIED.

After some discovery had taken place, but before dispositive motions were filed in this case, the plaintiffs dismissed their claims against defendant Vizio with prejudice. The dismissal with prejudice rendered Vizio the prevailing party in the lawsuit. See Schwartz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985) ("Because a dismissal with prejudice is tantamount to a judgment

1

on the merits, the defendant in this case . . . is clearly the prevailing party" for purposes of an award of costs.). Because the dismissal order was not the product of a settlement that made provision for costs, Vizio was presumptively entitled to the statutory costs set forth in 28 U.S.C. § 1920. See Fed. R. Civ. P. 54(d); Energy Mgmt. Corp. v. City of Shreveport, 467 F.3d 471, 483 (5th Cir. 2006); Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006). Thereafter, Vizio sought an award of costs from the Court. In particular, Vizio requested an award for two items: (1) photocopying costs of $667; and (2) costs of $322.40 representing Vizio's expenditures for obtaining printed and electronically recorded transcripts of the plaintiffs' deposition of Vizio employee Rob Brinkman. The plaintiffs responded by arguing that Vizio had not made the necessary showing to support its request for an award of costs for either item. In its reply, Vizio set forth its justification for the two cost items for which it has sought an award. The Court concludes that Vizio has not made a sufficient showing to justify an award of costs for either of the two specific claimed items and therefore denies the motion.

**1. Photocopying Costs**

The governing statute, 28 U.S.C. § 1920, provides that a court "may tax as costs" five categories of items, including "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The burden is on the party seeking a cost award to show entitlement to an award for either item, which entails showing what the claimed expenditures were for, and why the transcripts and copies were "necessarily obtained for use in the case." See Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994) ("Before the district court can tax costs for photocopies, it must find that the

2

copies for which costs are sought were necessarily obtained for use in the litigation."); Fogelman v. ARAMCO (Arabian Am. Oil Co.), 920 F.2d 278, 286 (5th Cir. 1991) (costs will be awarded "provided that the prevailing party demonstrates" that the copies were obtained "for use in the case").[1]

In support of its request for fees for "the costs of making copies of . . . materials where the copies are necessarily obtained for use in the case," Vizio has offered an "itemization of costs," claiming that it spent $667 on photocopies in connection with this case—consisting of $176 for "color copies" and $490.75 for "document reproduction." The itemization is supported by a heavily redacted set of invoices that show nothing more than the individual charges for color copies and document reproduction, which add up to $667.[2] In its reply, Vizio states that the color copies were billed at $1 per page and the black and white pages were billed at $0.25 per page.[3] There is no statement anywhere in the motion or reply, or in the supporting exhibits, as to what use was made of any of the photocopied materials. As justification for its failure of to offer any evidence on the "necessity" requirement in the statute, Vizio simply points out that the Fifth Circuit has said that a party seeking costs need not "identify every Xerox copy made for use in

---

[1] Issues involving the assessment of costs in a patent case are governed by Fifth Circuit law. See Electro Sci. Indus., Inc. v. Gen. Scanning Inc., 247 F.3d 1341, 1349 (Fed. Cir. 2001).

[2] The $0.25 discrepancy between the itemization and the underlying invoices appears to be the result of an erroneous transcription of one of the invoice entries onto the itemization. The Court treats $667—the number in the invoices, not in the itemization—as the amount Vizio is claiming for its copying costs.

[3] Vizio has pointed to no justification for having made 176 pages of color copies (at $1 per copy), rather than having made black-and-white copies of those pages (at $0.25 per copy). Therefore, even if the Court were to grant Vizio's fee award for copying, it would reduce the amount to $535, which is the amount that would result from discounting the color copies to the rate charged for black-and-white copies.

3

the course of legal proceedings." Fogelman, 920 F.2d at 286. While that is certainly true, it does not excuse Vizio's failure to make any showing at all as to what purpose the copying served, even by categories or general subjects. Indeed, the Fogelman case on which Vizio relies specifically requires that the party seeking an award make a showing of necessity, i.e., that the copies were "necessarily obtained for use in the case," as opposed to being "obtained simply for the convenience of counsel." Id. Vizio's motion and supporting materials simply give the Court no basis on which to make the required determination of necessity.

Seemingly fishing for at least a partial recovery of its copying costs, Vizio argues that the plaintiffs have not cited any cases from the Fifth Circuit or the Eastern District of Texas that would justify a complete denial of any of Vizio's copying costs. Vizio points out that in Eolas Technologies Inc. v. Adobe Systems, Inc., 891 F. Supp. 2d 803, 807 (E.D. Tex. 2012), for example, the court awarded 50% of the claimed costs for duplication for copies as to which the level of detail regarding the reasons for the copying was scant. The Eolas case, however, was tried to verdict, and the district court, having overseen the trial, had some sense of the amount of copying that would be necessary for use in the case, so it made sense for Chief Judge Davis to allow some recovery of copying costs notwithstanding the weakness of the showing of necessity that was made. This case, by contrast, came to an end early in the proceedings, without a trial and before dispositive motions. It was therefore impossible for the Court to determine what purpose, if any, the copying may have served.

In other cases, Texas district courts have denied the entire requested amount for copying documents where the party seeking the award had not made a sufficient showing that the copying expenditures were necessary for use in the case, as opposed to being made for the convenience of

4

counsel. For example, in Home Depot, U.S.A., Inc. v. Federal Insurance Co., 2003 WL 470545 (E.D. Tex. Feb. 24, 2003), the prevailing party sought copying costs and, as in this case, attached invoices for the copying to its brief. As in this case, the invoices provided "the number of photocopies performed and the amount charged," but "neither the invoices nor any of the other submissions, categorize the photocopies so that the Court may reasonably determine the copies which were necessary and those which were not." Id. at *2. Moreover, again as in this case, the invoice in the Home Depot case "does not attempt to group the costs into categories of documents." Id. Because the plaintiff had not met its burden to show necessity, Judge Davis disallowed the entire requested amount.

The court followed the same course in Sieber & Calicutt v. Sphere Drake Ins. Co., 2003 WL 470546 (E.D. Tex. Feb. 21, 2003). There, the prevailing party attached an affidavit to its request for photocopying costs setting forth the number of photocopies pages and the cost per page. However, the court ruled that because the affidavit "does not categorize the photocopies so that the Court may reasonably determine the copies which were necessary and those which were not," and because no effort was made to group the costs into categories of documents, id. at *2, the court held that the party had not met its burden to show necessity, and it denied the entire requested amount.

In numerous other cases from the Eastern District and other Texas districts, the courts have followed the same practice, denying the entire requested amount where the requesting party failed to make a sufficiently particularized showing of necessity. See, e.g., Eastman Chem. Co. v. Plastipure, Inc., 2013 WL 5555373, at *7 (W.D. Tex. Oct. 4, 2013) (court denies full amount claimed for one category of copying costs, and denies a partial award for those costs, because the

5

supporting invoices "simply denote black-and-white or color copies were made; no further information can be gleaned from the invoices"); Structural Metals, Inc. v. S&C Electric Co., 2013 WL 3790450, at *9 (W.D. Tex. July 19, 2013) (disallowing copying costs because of absence of sufficient information to determine whether certain copies were necessarily obtained for use in the case; "there is no indication what they were, or whether they were necessary or for convenience (such as including multiple copies for the convenience of the attorneys or the like)."); Honestech, Inc. v. Sonic Solutions, 725 F. Supp. 2d 573, 584 (W.D. Tex. 2010) (denying all copying costs: "[A]lthough prevailing parties do not have to justify every single photocopying cost, they do have to provide enough information for the Court [to be] able to make a reasonable determination of necessity."); Power-One, Inc. v. Artesyn Techs., Inc., 2008 WL 4065871, at *7 (E.D. Tex. Aug. 27, 2008) (conclusory statements "are not sufficient to meet the standard for proving necessity"; entire requested amount denied); Reyes v. Texas EZ Pawn, L.P., 2007 WL 4530533, at *2 (S.D. Tex. Dec. 19, 2007) (documentation regarding copying costs "provides no information for the Court to identify the documents to determine if the copying costs were necessary to this litigation or merely for the convenience of counsel. Conclusory assertions by counsel that all the copying costs were necessary, without more, are insufficient to establish that these expense are properly recoverable"; full requested amount denied); Welch v. U.S. Air Force, 2003 WL 21251063, at *3 (N.D. Tex. May 27, 2003) (disallowing all copying costs because defendants "failed to substantiate that the fees for exemplification and copies of papers were reasonable and necessarily resulted from the instant litigation and also failed to include in the Defendants' Bill of Costs documentation for this Court to determine same"); Interstate Contracting Corp. v. City of Dallas, 2002 WL 236676, at *5 (N.D. Tex. Jan. 31, 2002) (invoices

6

attached to the bill of costs "do not categorize the photocopies so that the Court may reasonably decipher the copies which were necessary"; entire requested amount denied); Bank One Texas, N.A. v. Apex Energy LLC, 2002 WL 22055, at *2 (N.D. Tex. Jan. 4, 2002) (copies of fee statements for copying "merely show a lump sum amount" for photocopying expenses, with "absolutely no evidence of what documents were copied or how they relate to this lawsuit"; affidavit of legal assistant that the charges for copying papers "were necessarily incurred in the course of litigation" was "insufficient to establish that the copying costs were necessary"; cost item denied in full).

In Maurice Mitchell Innovations, L.P. v. Intel Corp., 491 F. Supp. 2d 684, 689 (E.D. Tex. 2007), Judge Davis refused to award copying costs where the requesting party's showing was insufficient, but he directed the parties to meet and confer in light of his explanation of the governing standard of necessity; he added that he would set the matter for a hearing if the parties did not agree on the proper amount of the cost award. In that case, more than $200,000 in copying costs was at issue. See also Halliburton Energy Servs., Inc. v. M-I, LLC, 244 F.R.D. 369, 373 (E.D. Tex. 2007) (Judge Davis orders same procedure in a case involving $620,814.54 in photocopying costs). In this case, by contrast, only about $500 in copying costs is at issue. It would be exceptionally burdensome to require the parties to engage in a meet and confer, followed by a hearing, over a dispute of this size. Moreover, Vizio has had its opportunity to buttress its evidentiary showing in the course of briefing the motion for costs; Vizio has been fully apprised of its burden and the governing standard of necessity that it was required to meet, as set forth in the plaintiff's brief in opposition to the motion. There is no reason to believe that Vizio would be able to make a better showing if this process were further extended. Because

Vizio has not provided the Court with sufficient information from which the Court could make the required finding of necessity, see Studiengesellschaft Kohle mbH v. Eastman Kodak Co., 713 F.2d 128, 133 (5th Cir. 1983), the request for an award of copying costs is denied in full.

**2. Cost of Deposition Transcript**

Vizio argues that it is entitled to an award of $322.40 for a copy of the 42-page transcript of the deposition of its employee, Rob Brinkman, which the plaintiffs took on May 27, 2014. Certain of the incidental costs, including the cost of a CD of the transcript ($45) and the charge for delivery of the transcript ($30), are clearly not allowable. See Halliburton, 244 F.R.D. at 371. Because of the vagueness of the description, it is unclear whether the unspecified "production and handling" charge ($50) would be allowable, so the amount in dispute on this issue is actually between $197.40 and $247.40.

In order to establish its eligibility for an award of the costs of the deposition transcript, Vizio must show that the transcript copy was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); see West Wind Africa Line Ltd. v. Corpus Christi Marine Servs. Co., 834 F.2d 1232, 1238 (5th Cir. 1988); Studiengesellschaft Kohle mbH, 713 F.2d at 134; Carpa, Inc. v. Ward Foods, Inc., 567 F.2d 1316, 1323 (5th Cir. 1978); United States v. Kolesar, 313 F.2d 835, 838-39 (5th Cir. 1963); Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990); see generally 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2677 (1998). The Fifth Circuit has held that while the deposition need not be introduced into evidence at trial in order to satisfy that requirement, the deposition must "reasonably be expected to be used for trial preparation, rather than merely for discovery" in

order for the cost of the deposition transcript to be included in an award of costs. Fogelman, 920 F.2d at 285.

The plaintiffs sought Mr. Brinkman's testimony mainly in order to determine the facts relating to what role Vizio played in connection with the manufacture of the accused products. Mr. Brinkman testified, in essence, that the products were manufactured by an unrelated overseas company and that Vizio had little or no input into the design and manufacturing process, as far as Mr. Brinkman knew.

The plaintiffs point out that because Mr. Brinkman is Vizio's employee, his deposition testimony would not be expected to be admitted at trial. Rather, according to the plaintiffs, the purpose of the deposition was simply to develop information, already in Vizio's possession, as to the relationship between Vizio and its supplier, and other information that would assist the plaintiffs in formulating their electronic discovery requests. The plaintiffs argue that since Mr. Brinkman's deposition was not intended for use at trial or for preparation for trial, but was merely for the purpose of assisting the plaintiffs in formulating their discovery requests, the copy of the deposition transcript is not an allowable cost.

Vizio responds that the charge for the transcript of Mr. Brinkman's deposition is an allowable cost because some of the issues that arose during the deposition were raised in Vizio's pleadings during the dispute over whether the motion to dismiss this case should be with or without prejudice, and because the issues are relevant to a Rule 11 motion that Vizio is considering filing.

Vizio's argument is not persuasive. The Court has reviewed Mr. Brinkman's deposition as well as Vizio's pleadings in response to the plaintiffs' motion to dismiss without prejudice,

9

and the Court does not regard the relationship between those pleadings and Mr. Brinkman's deposition to be sufficient to establish that his deposition was "necessarily obtained for use in the case." The only overlap in issues between those addressed during the deposition and those raised in the opposition to the motion to dismiss relates to Vizio's contention that it stopped selling the accused product in December 2012. However, Vizio does not rely on Mr. Brinkman's deposition to establish the plaintiffs' knowledge of that fact, but instead it relies on a disclosure made eight months earlier in a filed pleading. The Brinkman deposition has had no role to play in the dispute over the motion to dismiss.

As for Vizio's contemplated Rule 11 motion, it is uncertain just what will be in that motion, assuming it is filed. However, Vizio has previously served a copy of its contemplated motion on the plaintiffs and has submitted it to the Court in connection with another filing. The Court has examined the motion and finds that, on its face at least, it appears not to reference the Brinkman deposition at all. The reference to the Rule 11 motion therefore adds nothing to Vizio's showing that the deposition transcript was necessarily obtained for use in the case.

To be sure, a cautious attorney would no doubt want to have a copy of the Brinkman deposition in the file in the event that it somehow became important at some point in the proceedings. But an award of costs is not triggered by what a cautious attorney would wish to have in the case file. Vizio's evidence falls short of establishing that the copy of the transcript of plaintiffs' brief deposition of Mr. Brinkman was necessarily obtained for use in this case. The request that the Court award costs for procuring the transcript, like the request that the Court award costs for the copying of documents in the case, is therefore denied.

It is so ORDERED.

SIGNED this 4th day of December, 2014.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE